Beth J. Ranschau (13846)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel:  (801) 323-3332
Fax: (801) 532-7543
branschau@rqn.com

*Attorneys for Defendant Capital One, N.A.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON ELLSWORTH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A., a District of Columbia Corporation, and DOES 1-10,<br><br>Defendants. | **DEFENDANT CAPITAL ONE, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00468-JNP<br><br>Judge: Jill N. Parrish |

Defendant Capital One, N.A.[1] ("Capital One") respectfully submits this Reply to Plaintiff Aaron Ellsworth's ("Plaintiff") Opposition to Capital One's Motion to Dismiss the First Amended Complaint ("Motion").

## **INTRODUCTION**

Capital One's Motion pertains to Plaintiff's First Amended Complaint ("FAC"), which alleges three causes of action for a claim under Utah Code § 70A-4a-207, bailment, and fraud, as

---

[1] Erroneously sued as "CAPITAL ONE, N.A., a District of Columbia Corporation."

well as remains the operative complaint.  In response, Plaintiff bases his entire Opposition on conspiracy allegations.  However, the FAC contains no allegations of conspiracy.  Instead, Plaintiff proposes a Second Amended Complaint ("SAC"), which would include a new cause of action for conspiracy.  Applicable rules require Plaintiff to seek leave to amend.[2]  Since this Court has not granted leave (it should not), the conspiracy allegations are not a part of the case at bar, these claims are not properly before the Court and should be disregarded entirely when weighing the merits of Capital One's Motion.  Thus, having failed to present *any* arguments in support of Plaintiff's FAC allegations, Capital One's Motion is wholly unopposed.  Furthermore, Plaintiff concedes that his state law cause of action for bailment is preempted by the U.C.C. [Opp. at p. 2.]

Even if assuming, *arguendo*, that Plaintiff had made, in the FAC, *all* of the allegations contained in the proposed SAC, Plaintiff would still have failed to establish personal jurisdiction and proper venue, in addition to failing to sufficiently plead a claim under Utah Code § 70A-4a-207 and the cause of action for conspiracy to commit fraud, as discussed herein.  In other words, Plaintiff's Opposition has only succeeded in proving that his fatal pleading defects cannot be cured through any number of amendments such that leave to amend should not be granted.[3]

Accordingly, Capital One respectfully requests that the Court grant its Motion, based on Rule 12(b)(2), 12(b)(3), or 12(b)(6), alternatively, and dismiss Plaintiff's FAC in its entirety.

---

[2] Along with the Opposition, Plaintiff has filed a Motion for Leave to Amend the First Amended Complaint.  For the reasons set forth in Capital One's concurrently filed opposition, leave to amend should be denied.
[3] In the interest of economy, Capital One incorporates by reference its Opposition to Plaintiff's Motion for Leave to Amend in its entirety.

/ / /

/ / /

/ / /

# ARGUMENT

I.  **PLAINTIFF'S ENTIRE OPPOSITION IMPROPERLY RELIES ON THE CONSPIRACY ALLEGATIONS CONTAINED IN THE PROPOSED SAC.**

Capital One's Motion established that FAC should be dismissed because this Court does not have personal jurisdiction over Capital One, venue is improper, the FAC fails to sufficiently plead a claim under Utah Code § 70A-4a-207, and the FAC fails to meet the heightened pleading standards for fraud. As explained below, Plaintiff bases the entire Opposition on conspiracy allegations that he did not make in the FAC and for which he has not been granted leave to file.

Specifically, as to personal jurisdiction, Plaintiff argues: "Although Bank correctly recites the relevant case law associated with specific jurisdiction under its long-arm statute, it omits discussion of specific jurisdiction conferred on a party by virtue of that party's participation in a conspiracy." [Opp. at p. 3.]

As to venue, Plaintiff argues: "Venue in the District of Utah is appropriate under either other [sic] subsection of 28 U.S.C. § 1391. As discussed above, a substantial part of the events giving rise to Plaintiff's claim occurred in Utah,2 [sic] and those actions also grant this Court personal jurisdiction over Bank." [Opp. at pp. 5-6.]

As to the claim brought under Utah Code § 70A-4a-207, Plaintiff argues:

> None of Plaintiff's accusations in the Second Amended Complaint are devoid of associated fact. Bank argues that Plaintiff's assertion that it had actual knowledge of the fraudulent nature of the transfer is conclusory, yet Plaintiff expressly pleads that the transaction was flagged by Bank's anti-money-laundering software, and that Bank overrode the warnings and accepted the funds, transferring them into the

>   fraudulent account it set up for Does. [See Second Amended Complaint at ¶¶ 34-35.]

[Opp. at p. 6.]

/ / /

/ / /

Finally, as to fraud, Plaintiff summarily concludes: "Plaintiff's Second Amended Complaint shifts the allegations against Bank to a conspiracy claim, so this argument is moot." [Opp. at p. 7.]

In other words, the Opposition pivots away from the operative pleading in reliance on allegations and claims that are not part of this case. As such, the Opposition fails to present ***any*** arguments relating to Plaintiff's FAC allegations such that Capital One's Motion is completely unopposed and should be granted.

## II.   PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION BASED ON A CONSPIRACY THEORY.

In its Motion, Capital One established that personal jurisdiction does not lie here because 1) Supreme Court guidance is clear that Capital One's nationwide business contacts are insufficient to confer general personal jurisdiction; 2) specific jurisdiction does not exist since Plaintiff's claims do not arise from any activity Capital One is alleged to conduct in Utah. Plaintiff fails to refute these points.

To begin with, Plaintiff concedes that general jurisdiction does not exist. [Opp. at p. 3.] Next, even if this Court were to consider Plaintiff's newly advanced conspiracy claims (it should not), the Court would still lack specific jurisdiction over Capital One. Plaintiff contends:

>   Although each of the factors listed in the *Unitednet* case could independently impose minimum contacts on a co-conspirator, all three factors are present in this

matter. Bank and Does' conspiracy was directed at the State of Utah, Plaintiff's injury occurred in Utah, and substantial steps towards the conspiracy took place in Utah. Plaintiff may be a resident of Colorado, but the conspiracy was directed at Plaintiff's counsel, who is located in Utah. Plaintiff's counsel held Plaintiff's funds with US Bank in Utah.

[Opp. at p. 4.] Here, Plaintiff misfires for two reasons.

**First,** <u>the allegations are every bit as conclusory as the allegations in the FAC and devoid of factual support required to find that personal jurisdiction lies in Utah.</u> Indeed, in the footnote on page 4 of the Opposition, Plaintiff attempts to support these allegations by arguing that since Plaintiff's counsel's local U.S. Bank branch is located in Utah, "the ***clear inference*** is that any funds Plaintiff's counsel deposited in its accounts would be held in Utah." [Opp. at p. 4, n.1.] This is a conclusory allegation based on Plaintiff's own cited authority: "'An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.' *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)." [Opp. at p. 6.] Thus, by Plaintiff's own admission, Plaintiff continues to rely on conclusory allegations and even admits that "US Bank is a national bank, so it is possible that Plaintiff's funds were somehow deposited elsewhere in US Bank's network." [Opp. at p. 4, n.1.]

**Second,** Plaintiff has gravely misinterpreted his own cited authorities. With regards to personal jurisdiction, Plaintiff relies solely on two cases: *Melea, Ltd. v. Jawer Sa (Melea)*, 511 F.3d 1060 (10th Cir. 2007) and *Unitednet, Ltd. v. Tata Communs. Am., Inc. (Unitednet)*, 2023 U.S. Dist. LEXIS 53452, at *28-31 (D.N.M. Mar. 28, 2023). *Unitednet* explains the requirements for establishing personal jurisdiction based on a conspiracy theory:

> Merely showing conspiracy is insufficient to establish personal jurisdiction. . . . Due Process requires that Plaintiffs establish "minimum contacts as to each defendant." *Weldon v. Ramstad-Hvass*, 512 Fed. App'x 783, 789 (10th Cir. 2013). "[T]o hold that one co-conspirator's presence in the forum creates jurisdiction over

> other co-conspirators threatens to confuse the standard applicable to personal jurisdiction and those applicable to liability." *Hart v. Salois*, 605 F. App'x 694, 700 (10th Cir. 2015). A co-conspirator's presence might create minimum contacts for jurisdiction over another co-conspirator if the conspiracy is directed towards the forum, an injury occurs in the forum, or substantial steps in furtherance of the conspiracy are taken in the forum. *Melea Ltd.*, 511 F.3d at 1070.

*Unitednet*, 2023 U.S. Dist. LEXIS 53452, at *28-29. Here, Plaintiff does not address Capital One's arguments and legal authorities stating that the minimum contacts, required for personal jurisdiction over Capital One, do not exist in this matter. Thus, Capital One's position is undisputed. Contrary to Plaintiff's unfounded assertion, the *Melea* conspiracy theory exception does not automatically confer jurisdiction because Plaintiff fails to meet the threshold requirement of establishing a co-conspirator's presence in the forum. Absent this critical element, Plaintiff cannot establish minimum contacts for jurisdiction. Here, Plaintiff's failure to allege the identities, let alone facts sufficient to determine minimum contacts, of the DOES Defendants (i.e., Fraudsters) underscores the weakness of his argument. Indeed, Plaintiff cannot establish personal jurisdiction over Capital One no matter the version of the complaint on which he relies.

### III. PLAINTIFF FAILS TO ESTABLISH THAT VENUE IS PROPER.

Notwithstanding Plaintiff's mischaracterization of Capital One's venue arguments, Plaintiff continues to fail to establish that venue is proper. 28 U.S.C. § 1391(b) provides:

> **Venue in general.** A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Capital One's clearly stated position that 28 U.S.C. § 1391(1) is not met stands uncontroverted. As to 28 U.S.C. § 1391(2) and (3), Plaintiff merely refers to his conspiracy arguments without addition, which, as discussed above, are wholly comprised of conclusory allegations and misstatements of the law. [Opp. at pp. 5-6.] Accordingly, Plaintiff cannot establish that venue is proper.

### IV. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD ACTUAL KNOWLEDGE AS REQUIRED BY UTAH CODE § 70A-4A-207.

Plaintiff attempts to cure the lack of facts sufficient to plead "actual knowledge," as required by Utah Code § 70A-4a-207, by claiming in the SAC that the transaction was flagged by Capital One's automated system, but Capital One "overrode the warnings." [Opp. at p. 6.] As further outlined in Capital One's Opposition to Plaintiff's Motion for Leave to Amend, these new allegations are impermissible because they directly contradict Plaintiff's FAC allegations that Capital One "ignored the warnings." [FAC at p. 2.]

Even assuming, *arguendo*, that Plaintiff had originally alleged "overrode" in the FAC, Plaintiff still fails to show how such an ambiguous claim is sufficient to plead "actual knowledge" under Utah Code § 70A-4a-207. As discussed in further detail in Capital One's Motion to Dismiss, it is insufficient to merely plead constructive knowledge or that an automated system flagged a transaction, which was ultimately processed nonetheless. *See First Sec. Bank v. Pan Am. Bank*, 215 F.3d 1147, 1153 (10th Cir. 2000) ("'Knowledge' means actual knowledge, not constructive knowledge, and is determined at the time of payment."); *see also Peter E. Shapiro, P.A.*, 795 Fed. Appx. at 747 (facts tending to show automated system flagged name mismatch are insufficient to establish an individual person had actual knowledge of the name mismatch before receiving bank approved funds transfer and placed funds in account). Plaintiff

does not even attempt to address or distinguish Capital One's legal authorities, and altogether fails to cite to any authorities that support his own arguments. Indeed, not only does Plaintiff continue in his failure to sufficiently plead a cause of action under Utah Code § 70A-4a-207, but he has also proven that he is unable to cure this fatal pleading defect.

V.  **PLAINTIFF INCORRECTLY ASSERTS THAT THE HEIGHTENED PLEADING STANDARDS FOR FRAUD ARE NOW MOOT.**

Plaintiff argues that the Rule 9(b) heightened pleading standards for fraud are now moot because he is replacing his cause of action for fraud with conspiracy to commit fraud as against Capital One. As further discussed in Capital One's Opposition to Plaintiff's Motion for Leave to Amend, Plaintiff's attempted tactic is prohibited pursuant to widely known pleading principles.

Even if assuming, *arguendo,* that Plaintiff had alleged conspiracy to commit fraud against Capital One in the FAC, it is well-settled that such a claim must satisfy the heightened pleading standard of Rule 9(b). *See, e.g., Zamora v. Quezada,* 2024 U.S. Dist. LEXIS 131926, at *15 (D. Utah July 25, 2024) ("The weight of authority suggests that a claim for civil conspiracy based on fraud must satisfy the heightened pleading standard of Rule 9(b)."); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) ("[I]n actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met" because "where fraud lies at the core of the action, Rule 9(b) applies.") (citing to *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972) and *Robison v. Caster*, 356 F.2d 924, 925 (7th Cir. 1966); *Wasco Prods. v. Southwall Techs., Inc.,* 435 F.3d 989, 991 (9th Cir. 2006) (holding that Rule 9(b) imposes heightened pleading requirements where "the object of the conspiracy is fraudulent"). As such, the Rule 9(b) heightened pleading standards still apply, and Capital One's arguments related thereto are uncontested.

## CONCLUSION

Based on the foregoing reasons, Capital One respectfully requests that the Court grant its Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) or, alternatively, because venue is improper under Rule 12(b)(3). Further in the alternative, Capital One requests that the Court grant this Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6).

DATED this 23rd day of October 2024.

RAY QUINNEY & NEBEKER P.C.

   /s/ Beth J. Ranschau
Beth J. Ranschau
*Attorneys for Defendant Capital One, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October 2024, I electronically filed the foregoing **DEFENDANT CAPITAL ONE, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing to counsel of record as indicated below.

Joseph G. Pia
John P. Mertens
PIA HOYT, LLC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101
joe.pia@piahoyt.com
jmertens@piahoyt.com

*Attorneys for Plaintiff Aaron Ellsworth*

/s/ Liz Beidoun