Beth J. Ranschau (13846)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel:  (801) 323-3332
Fax: (801) 532-7543
branschau@rqn.com

*Attorneys for Defendant Capital One, N.A.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON ELLSWORTH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE, N.A., a District of Columbia Corporation, and DOES 1-10, <br><br> Defendants. | **DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** <br><br> Case No. 2:24-cv-00468-JNP <br><br> Judge: Jill N. Parrish |

Defendant Capital One, N.A.[1] ("Capital One") respectfully submits this Opposition to Plaintiff Aaron Ellsworth's ("Plaintiff") Motion for Leave to Amend.

## INTRODUCTION

In his Motion for Leave to Amend, Plaintiff summarily concludes that there exists no reason to deny leave to amend.  Yet, Plaintiff fails to explain why he brings his SAC claim for conspiracy only after Capital One filed its Motion to Dismiss and four months after filing the

---

[1] Erroneously sued as "CAPITAL ONE, N.A., a District of Columbia Corporation."

original Complaint, especially considering that the facts known or should have been known to both parties remain unchanged, which are grounds for denial of leave to amend.  Furthermore, Plaintiff's proposed SAC fails to cure the fatal pleading defects that exist in the FAC such that it is futile and even directly contradicts allegations made in the FAC, which is wholly improper.  As such, notwithstanding the applicable liberal standard, clear precedent and rationale exist to deny Plaintiff's Motion for Leave to Amend.

## ARGUMENT

I.  **PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.**

    A.  **The Proposed SAC Is Futile.**

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  In assessing "futility," the court applies the same standard governing Rule 12(b)(6) motions to dismiss in that a proposed amendment is futile if it "does not plead enough to make out a plausible claim for relief." *E.g., HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 578 (1st Cir. 2014); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 379 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."); *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) ("[T]here is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim."); *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (failure to propose specific allegations that might cure defect demonstrates the "inability to make the necessary amendment").

Here, as discussed in further detail in Capital One's Reply to Plaintiff's Opposition to Motion to Dismiss,[2] Plaintiff's proposed SAC cannot survive a motion to dismiss because it fails to cure the fatal pleading defects that exist in the FAC.  **First,** Plaintiff cannot establish personal jurisdiction over Capital One because Capital One's position on its lack of the requisite minimum contacts stands undisputed, and Plaintiff completely misunderstands the requirements for establishing personal jurisdiction based on a conspiracy theory.  [*See* SAC at ¶¶ 12-13.]  Contrary to Plaintiff's unfounded assertion, this Court does not have "specific personal jurisdiction over Bank by virtue of its participation in the conspiracy to defraud. . . ."  [*Id.* at ¶ 13.]  Instead, Plaintiff must, yet fails to, allege facts sufficient to establish minimum contacts of the DOES Defendants (i.e., Fraudsters) as a threshold matter before the Court may consider whether such minimum contacts may be conferred on Capital One.  *See Melea, Ltd. v. Jawer Sa (Melea)*, 511 F.3d 1060 (10th Cir. 2007); *see also Unitednet, Ltd. v. Tata Communs. Am., Inc. (Unitednet)*, 2023 U.S. Dist. LEXIS 53452, at *28-31 (D.N.M. Mar. 28, 2023).

**Second,** Plaintiff cannot establish that venue is proper because he continues to rely on conclusory allegations regarding the physical location of electronic funds held by a national bank, in addition to his aforementioned misguided and ineffective arguments as to personal jurisdiction.  [*See* SAC at ¶ 14.]

**Third,** Plaintiff continues in his failure to sufficiently allege "actual knowledge," necessary to properly plead a claim under Utah Code § 70A-4A-207, opting to rely on

---

[2] In the interest of economy, Capital One incorporates by reference its Motion to Dismiss and Reply to Plaintiff's Opposition to Motion to Dismiss in their entirety.

allegations that have already been held as insufficient. *See First Sec. Bank v. Pan Am. Bank*, 215 F.3d 1147, 1153 (10th Cir. 2000) ("'Knowledge' means actual knowledge, not constructive knowledge, and is determined at the time of payment."); *see also Peter E. Shapiro, P.A.*, 795 Fed. Appx. at 747 (facts tending to show automated system flagged name mismatch are insufficient to establish an individual person had actual knowledge of the name mismatch before receiving bank approved funds transfer and placed funds in account).

**Fourth,** in his Opposition to Capital One's Motion to Dismiss, Plaintiff incorrectly asserts that, since he is replacing his cause of action for fraud with conspiracy to commit fraud, the Rule 9(b) heightened pleading standards are now moot. *See, e.g., Zamora v. Quezada,* 2024 U.S. Dist. LEXIS 131926, at *15 (D. Utah July 25, 2024) ("The weight of authority suggests that a claim for civil conspiracy based on fraud must satisfy the heightened pleading standard of Rule 9(b)."); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) ("[I]n actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met" because "where fraud lies at the core of the action, Rule 9(b) applies.") (citing to *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972) and *Robison v. Caster*, 356 F.2d 924, 925 (7th Cir. 1966); *Wasco Prods. v. Southwall Techs., Inc.,* 435 F.3d 989, 991 (9th Cir. 2006) (holding that Rule 9(b) imposes heightened pleading requirements where "the object of the conspiracy is fraudulent"). As a result, Plaintiff does not include in the SAC allegations of the missing particular facts necessary to meet the Rule 9(b) pleading standards, those same defects still remain, and Capital One's position thereon is uncontested.

As such, even after manufacturing a new cause of action, Plaintiff has only accomplished to prove that, not only is the SAC subject to dismissal and, therefore, futile, but also that he does

not have the ability to cure the pleading deficiencies with additional amendments. Accordingly, leave to amend should not be granted.

B.  The Proposed SAC Has Questionable Purpose and Contradicts the FAC.

"Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co. (State Distribs.)*, 738 F.2d 405, 416 (10th Cir. 1984). "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66.

"Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *E.g., United States ex rel. Lee v. Corinthian Colls. (Corinthian)*, 655 F.3d 984, 995 (9th Cir. 2011). Moreover, "[b]ad faith with regard to a Rule 15 motion can be inferred if the proposed amendment directly contradicts allegations made in the original pleading, such that the original and amended factual accounts cannot be reconciled." *Smith v. Lifevantage Corp.*, No. 2:18-cv-00621-DBB-JCB, 2021 WL 3080412, at *11 (D. Utah July 21, 2021); *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, No. 10-CV-02271-PAB-BNB, 2011 WL 5593178, at *3 (D. Colo. Nov. 17, 2011) (stating same) (*citing Ayon v. Gourley*, 185 F.3d 873, 1999 WL

516088, at *3 (10th Cir. 1999) (unpublished table decision)); *Merrill v. Seagraves*, No. CIV-22-007-RAW-GLJ, 2024 U.S. Dist. LEXIS 108101, at *5 (E.D. Okla. Apr. 8, 2024) ("Plaintiff's attempt to plead facts contradictory to the Amended Complaint constitutes bad faith and a sham pleading."); *Kant v. Columbia Univ.*, 2010 U.S. Dist. LEXIS 21900, at *6 (S.D.N.Y. Mar. 9, 2010) (proposed amendments which directly contradict allegations made in an original complaint are made in bad faith).

Here, Plaintiff summarily concludes that there exists no reason to deny leave to amend. [Mot. at p. 2.]  However, Plaintiff fails to explain why he brings his claim for conspiracy only in response to Capital One's Motion to Dismiss and four months after filing the original Complaint, especially considering that the facts known or should have been known to both parties remain unchanged.  *See State Distribs., supra; see also Frank, supra.*  Considering that Plaintiff's Opposition to Capital One's Motion to Dismiss the FAC relies entirely on this conspiracy claim and not the FAC, it appears that the purpose of the SAC may be a surreptitious effort to avoid dismissal.  *See Minter, supra.*  Absent any explanation from Plaintiff, these concerns cannot be dispelled and favor denial of Plaintiff's Motion.

Lastly, Plaintiff attempts to cure the lack of facts sufficient to plead "actual knowledge," with regards to his claim under Utah Code § 70A-4a-207, by alleging in the SAC that Capital One's automated system flagged the subject transaction but that Capital One "overrode the warnings" [SAC at ¶¶ 5, 34, and 35], whereas, in the FAC, Plaintiff alleged that Capital One "ignored the warnings" and "ignored these warnings" [FAC at pp. 2 and 5].  The term "override" implies affirmatively acting with scienter, while "ignore" can merely constitute an omission.  This is a material contradiction that Plaintiff evidently hopes to utilize to remedy this pleading

defect; instead, the contradiction only serves to cast more concern on the purpose of the SAC and whether it is being proffered in good faith.  *See, e.g., Smith v. Lifevantage Corp.*, *supra*.  At the very least, the Court should not grant Plaintiff leave to file the SAC because it improperly contradicts the FAC.  *E.g., Corinthian*, 655 F.3d at 995.

## CONCLUSION

Based on the foregoing reasons, Capital One respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend.

DATED this 23rd day of October 2024.

RAY QUINNEY & NEBEKER P.C.

*/s/ Beth J. Ranschau*
Beth J. Ranschau
*Attorneys for Defendant Capital One, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October 2024, I electronically filed the foregoing **DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing to counsel of record as indicated below.

Joseph G. Pia
John P. Mertens
PIA HOYT, LLC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101
joe.pia@piahoyt.com
jmertens@piahoyt.com

*Attorneys for Plaintiff Aaron Ellsworth*

                                                 */s/ Liz Beidoun*