IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON ELLSWORTH, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE, N.A. and DOES 1-10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS <br><br> Case No. 2:24-cv-00468-JNP-DAO <br><br> District Judge Jill N. Parrish |

Before the court is defendant Capital One, N.A.'s motion to dismiss, ECF No. 16, and plaintiff Aaron Ellsworth's motion for leave to amend his complaint, ECF No. 20. Capital One argues that this court lacks personal jurisdiction over it. The court agrees. Moreover, the allegations of Ellsworth's proposed amended complaint do not remedy this jurisdictional defect. Accordingly, the court DENIES Ellsworth's motion to amend as futile and GRANTS Capital One's motion to dismiss.

## BACKGROUND

Capital One is a federally registered bank organized under the laws of the District of Columbia. One or more unknown individuals opened a bank account with Capital One using falsified identity documents. The unknown individuals sent fraudulent emails to a Utah law firm that represented Ellsworth. Pretending to be Ellsworth, the unknown individuals instructed the law firm to wire a large sum of money belonging to Ellsworth to the Capital One bank account. The law firm complied with the fraudulent instructions. By the time Ellsworth discovered the fraud, most of the money that the law firm had wired to the Capital One bank account was gone.

Ellsworth sued Capital One and the unidentified swindlers, which he named as Does 1–10 (Doe Defendants). He alleged that Capital One was liable for the stolen money because a mismatch between the name of the beneficiary of the wire transfer and the name associated with the bank account should have alerted Capital One to the fraud. Capital One moved to dismiss, arguing that this court lacks both general and specific personal jurisdiction over it. Ellsworth did not contest the motion to dismiss. Instead, he filed a motion for leave to amend his complaint. Ellsworth seeks to add a conspiracy claim against Capital One and the Doe Defendants, asserting that they entered into a conspiracy to open a bank account without complying with laws requiring banks to verify a customer's identity. Under this proposed conspiracy claim, Ellsworth argues that the unknown Doe Defendants and Capital One are jointly liable for the fraud perpetrated against him. Ellsworth further contends that because Capital One is responsible for the actions of the unknown Doe Defendants in furtherance of the conspiracy, including the acts of sending fraudulent emails to Utah in order to gain access to Ellsworth's money, the court has specific personal jurisdiction over Capital One.

## ANALYSIS

In evaluating the motion to dismiss and the motion for leave to amend, the task before the court is to determine whether the allegations of the proposed amended complaint permit the court to exercise personal jurisdiction over Capital One in compliance with the due process protections of the Constitution. "[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's contacts with the forum state may give rise to either general

or specific personal jurisdiction. Because Ellsworth concedes that this court lacks general jurisdiction over Capital One, only specific personal jurisdiction is at issue here.

Specific jurisdiction involves a two-step inquiry. The court must consider "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)). Generally, a defendant's contacts with the forum state are sufficient when two requirements are met: (1) "the defendant purposefully directed its activities at residents of the forum," and (2) "the plaintiff's claim arises out of or results from the actions by the defendant himself that create a substantial connection with the forum state." *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1277 (10th Cir. 2005) (citation omitted).

In this case, however, Ellsworth does not argue that Capital One's contacts with Utah justify personal jurisdiction. He contends that Capital One's participation in a conspiracy with the Doe Defendants permits the court to exercise personal jurisdiction over Capital One based on the Doe Defendants' contacts with the state—namely, the emails they sent to the Utah law firm to accomplish the fraudulent scheme. "The existence of a conspiracy and acts of a co-conspirator within the forum may, in some cases, subject another co-conspirator to the forum's jurisdiction." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007). "In order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than 'bare allegations' that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy." *Id.*

3

"But allegations sufficient to support a prima facie showing of conspiracy do not *necessarily* establish jurisdiction over a nonresident co-conspirator." *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 789 (10th Cir. 2013) (unpublished). The conspiracy allegations must satisfy the minimum contacts requirement as to each conspirator. *Melea*, 511 F.3d at 1070; *Weldon*, 512 F. App'x at 789. Thus, to extend personal jurisdiction to a co-conspirator, (1) the conspiracy must be directed toward the forum, *Melea*, 511 F.3d at 1070, or (2) substantial steps in furtherance of the conspiracy must be taken in the forum "of which the out-of-state co-conspirator was or should have been aware," *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 (10th Cir. 1983) (citation omitted); *accord Weldon*, 512 F. App'x at 789.

The allegations of Ellsworth's proposed amended complaint do not satisfy this standard for establishing personal jurisdiction based on a conspiracy. He requests leave to add the following allegations to his complaint:

> Does 1-10 and [Capital One] arrived at an object to be accomplished, which was to open and maintain the Fraud Account[1] without complying with [Anti-Money-Laundering and Know Your Customer] laws, and thereby obtain funds from third parties and collect them into the Fraud Account where they would be placed at the disposal of Does 1-10. Agreeing to create the Fraud Account without complying with [Anti-Money-Laundering and Know Your Customer] laws by [Capital One] is its participation in this meeting of the minds.

Ellsworth does not allege that Capital One and the Doe Defendants entered into a conspiracy directed toward Utah. Nor does he assert facts that would suggest that the emails sent by the Doe

---

[1] Ellsworth's use of the term "Fraud Account" in the proposed amended complaint does not imply Capital One's knowledge of the purpose of the bank account. In the proposed amended complaint, "Fraud Account" is a defined term that simply means the bank account opened by the Doe Defendants.

Defendants to Utah were steps taken in furtherance of the alleged conspiracy or that Capital One knew or should have known about these emails. Notably, Ellsworth's proposed amended complaint does not allege that Capital One and the Doe Defendants agreed to a conspiracy in which the Doe Defendants would send fraudulent emails to individuals in Utah with the purpose of stealing money by tricking Utah citizens into transferring funds to the Capital One bank account. Instead, he proposes to allege that Capital One and the Doe Defendants conspired to open a bank account without complying with federal laws requiring banks to identify their customers. The fraudulent emails were not in furtherance of this purported conspiracy related to opening the bank account.

Accordingly, the conspiracy allegations of the proposed amended complaint do not establish that Capital One had minimum contacts with Utah that would justify hailing it into court in this state. Because the court lacks personal jurisdiction over Capital One—the only named defendant—the court denies Ellsworth's motion to amend his complaint as futile and grants Capital One's motion to dismiss.

## CONCLUSION

For the above-stated reasons, the court denies Ellsworth's motion for leave to amend and grants Capital One's motion to dismiss. The court dismisses this action without prejudice for lack of personal jurisdiction.

DATED March 27, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge